UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| TYRA FERNANDEZ | CIVIL ACTION |
|---|---|
| VERSUS | NO. 17-973 |
| TRAVELERS PROPERTY CASUALTY INSURANCE COMPANY OF AMERICA ET AL | SECTION "L" (1) |

## ORDER & REASONS

Before the Court is Plaintiff's motion to remand. R. Doc. 44. Defendants respond in opposition. R. Doc. 47. Having reviewed the parties' memoranda and the applicable law, the Court issues this Order & Reasons.

### I. BACKGROUND

This claim arises out of a car accident that took place on Felicity Street in New Orleans, Louisiana on April 13, 2015. R. Doc. 1-2 at 1. Plaintiff Tyra Fernandez alleges that Defendant Gordon Lonsdale ran a stop sign and hit the passenger side of her vehicle. R. Doc. 1-2 at 1. Plaintiff alleges the following injuries as a result of the accident: post-traumatic headaches, cervical strain, lumbar strain, and emotional upset and duress. R. Doc. 1-2 at 2. Plaintiff alleges that at the time of the accident Defendant Lonsdale was employed by Defendant CBS Corporation ("CBS") and was acting in the scope and course of his employment. R. Doc. 1-2 at 2. Plaintiff also alleges that Defendants Lonsdale and CBS were insured by Defendant Travelers Property Casualty Company of America ("Travelers"). R. Doc. 1-2 at 3. Plaintiff claims the following damages from the Defendants: past and future medical costs, loss of wages, pain and suffering, and property damages. R. Doc. 1-2 at 2. Plaintiff has also filed an amendment to her complaint alleging that

1

Defendant Lonsdale was also employed by Danni Productions, LLC ("Danni") at the time of the accident and asking to add Danni as a Defendant in this case. R. Doc. 8.

Defendants Lonsdale, CBS, and Travelers answer the complaint generally denying Plaintiff's claims. R. Doc. 28 at 2-3. Defendants Lonsdale, CBS, and Travelers also raise the following affirmative defenses: prescription, peremption, failure to state a claim upon which relief can be granted, and contributory negligence. R. Doc. 28 at 1-2.

## II. PENDING MOTION

Plaintiff has filed a motion to remand the case to the Orleans Parish Civil District Court. R. Doc. 44. Plaintiff argues that because of the joinder of Defendant Danni Productions, LLC, a LLC domiciled in Louisiana, federal diversity jurisdiction is extinguished and the Court must remand. R. Doc. 44-2 at 2.

Defendants respond in opposition arguing that complete diversity exists among the parties. R. Doc. 47. Defendants argue that Defendant Danni Productions, LLC is a citizen of Delaware because its only member is a corporation domiciled in Delaware. R. Doc. 47 at 3. Therefore, all defendants in this case are diverse from all plaintiffs. R. Doc. 47.

## III. LAW & ANALYSIS

In this case, Plaintiff alleges that the Court no longer has subject matter jurisdiction based on diversity of citizenship due to the addition of a defendant. Subject matter jurisdiction arising under § 1332 requires complete diversity of citizenship. *Stiftung v. Plains Mktg., L.P.*, 603 F.3d 295, 297 (5th Cir. 2010). "The concept of complete diversity requires that all persons on one side of the controversy be citizens of different states than all persons on the other side." *McClaughlin v. Miss. Power Co.*, 376 F.3d 344, 353 (5th Cir. 2004) (internal quotation marks and citations omitted).

Determination of the citizenship of juridical persons varies depending on the type of juridical person. A corporation is a citizen of every state in which it is incorporated as well as the state where its principal place of business is located. 28 U.S.C. § 1332(c)(1). But a noncorporate entity acquires the state citizenship of its owners. *Carden v. Arkoma Assoc.*, 494 U.S. 185, 188–89 (1990). The "citizenship of a LLC is determined by the citizenship of all of its members." *Harvey v. Grey Wold Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008) (citations omitted).

Here, Plaintiff alleges that addition of Defendant Danni Productions, LLC destroys complete diversity. Danni Productions, LLC is a limited liability company. Therefore, the Court looks to the citizenship of its members to determine its citizenship. Danni Productions, LLC has only one member, Eye Productions, Inc. Eye Productions, Inc. is a corporation domiciled in Delaware with its principle place of business in New York. Therefore, Danni Productions, LLC is a citizen, for diversity jurisdiction purposes, of Delaware and New York. Plaintiff is a citizen of Louisiana. Therefore, complete diversity remains.

## IV. CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that Plaintiff's motion to remand, R. Doc. 44, is **DENIED**.

New Orleans, Louisiana, this 28th day of February, 2018.

UNITED STATES DISTRICT JUDGE